LESSEE OF EFFIE COONS, AND OTHERS, PLAINTIFFS IN ERROR,
    *vs.* CHARLES P. GALLAHER, DEFENDANT IN ERROR.

It is not sufficient to give the Supreme Court jurisdiction in the case of a writ of error
    to the Supreme Court of a State, that the question as to the construction of an act of
    Congress, might have been raised and might have been decided, and was involved in
    the case. It must appear either in direct terms, or by necessary intendment, that it
    was in fact brought to the notice of the Court, and decided by it.
The case of Crowell *v.* Randall, 10 Peters, 398, cited.

WRIT of error to the Supreme Court of the State of Ohio, to reverse the judgment of that Court.

The original action of ejectment was brought in the Court of Common Pleas of Clinton county, and taken thence by appeal to the Supreme Court; where it was tried, and a verdict and judgment given for the plaintiffs, at May term, 1833. Afterwards, a new trial was ordered; and on a case stated, a judgment was rendered by the Court in favour of the defendant. The plaintiff prosecuted this writ of error.

The case was argued, on the merits, by Mr. Leonard, for the plaintiffs; and by Mr. Buck, for the defendant.

The decision of the Court having been given on the question of jurisdiction, those arguments are omitted.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case arises upon an action of ejectment, which was decided in the Supreme Court of the State of Ohio, for the county of Clinton; and being brought here from a State Court, we have no authority to revise the judgment, unless jurisdiction is given by the 25th section of the act of 1789.

The land is situated in what is usually called the Virginia military district, and, at the trial, both parties derived title under the act of Congress of March 2, 1807, which was passed for the purpose of extending the time for locating Virginia military land warrants, between the Little Miami and Sciota rivers.

The plaintiffs made title as heirs-at-law of Thomas J. M'Arthur.

who obtained a patent for the lands in question, in 1823, upon an entry and survey made for him in that year, as assignee of part of a military land warrant granted to John Trezuant.

The defendant, who was in possession of the land, claiming it as his own, in order to show title out of the plaintiffs, offered in evidence an entry in the name of John Tench, assignee of part of the aforesaid warrant to Trezuant, made on the 8th of August, 1787; and a survey pursuant to the said entry, on the 7th of March, 1794, which was recorded, June 24, 1796.

The plaintiffs having produced a complete legal title, as above stated, the prior survey of Tench, was no bar to their recovery, unless it was made so, by the act of 1807, before referred to. The first section of that act contains the following proviso: " That no locations as aforesaid within the above mentioned tract, shall, after the passing of this act, be made on tracts of land, for which patents had been previously issued, or which had been previously *surveyed;* and any patent which may nevertheless be obtained for land located contrary to the provisions of this section, shall be considered as null and void."

It seems to have been admitted in the State Court, that this act of Congress intended to protect those surveys, only, that were made by lawful authority; and that the survey of Tench was no defence, unless it appeared that he was, in truth, the assignee of a portion of. Trezuant's warrant. No assignment was produced at the trial, but evidence was offered by the defendant, from which the Court may have presumed an assignment; and testimony was also introduced on the part of the plaintiffs to rebut that presumption. The controversy in the State Court turned, it would seem, mainly on this point, which was decided in favour of the defendant. And the decision of that question certainly did not involve the construction of the act of 1807; and furnishes no ground for a writ of error to this Court.

Another point has been raised in the argument here, on the part of the plaintiffs in error. It is contended that the proviso in the act of 1807, applies only to conflicting patents and surveys, made under different warrants from the state of Virginia; and that it does not extend to a case like the present, where the controversy arises upon assignments made by the same individual, upon the same warrant.

Undoubtedly such a point might have been raised and decided, in the State Court, upon the case presented by the record; and if it had appeared, that such a question, upon the construction of the act of Congress, had been raised, and had been decided against the plaintiff, it is very clear that the judgment could have been revised in this Court.

But the record does not show that this point was raised by the plaintiff, or decided by the Court. It is not sufficient that the point was involved in the case, and might have been raised, and might have been decided. It must appear either in direct terms, or by necessary intendment, that it was in fact brought to the notice of the Court, and decided by it. This is the rule settled in the case of Crowell vs. Randall, 10 Peters, 398; in which all of the former cases upon the subject were reviewed and considered.

In the aspect in which the case comes before us, there was no controversy in the Ohio Court, in relation to the construction of the act of 1807; and it would seem, from the record, to have been conceded on all hands, that Tench's survey was a good defence, if the assignment from Trezuant could be established. Indeed, if there was any point raised, and decided upon the construction of the act of Congress, the decision appears to have been in favour of the right claimed, and not against it. The plaintiffs in error, at the trial in the State Court, produced a complete legal title; and the survey of Tench, as we have already said, would have been no defence to the action, unless it was made so by the act of 1807. It was the defendant, therefore, and not the plaintiff, who invoked the aid of the statute, and claimed the right under it. The decision was in his favour, and by that means a mere equitable title, which, upon general principles of law, would have been no defence against the legal title produced by the plaintiffs, was adjudged to be a good and valid defence, under and by virtue of this act of Congress. The decision, therefore, was in favour of the right claimed and not against it; and if the construction of the statute is, upon this account, to be regarded as drawn in question, the judgment given would afford no ground for the jurisdiction of this Court.

In either view of the subject, therefore, the writ of error must be dismissed, for want of jurisdiction.